UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| TERRY L. JOHNSON ) | |
| ) | |
| Petitioner, ) | Case No. 1:05-cv-560 |
| ) | |
| v. ) | Honorable Wendall A. Miles |
| ) | |
| JAN TROMBLEY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Respondent. ) | |
| ) | |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d) prior to ordering the respondent to answer. *Scott v. Collins*, 286 F.3d 923, 929-30 (6th Cir. 2002). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.   Factual Allegations

Petitioner Terry L. Johnson presently is incarcerated with the Michigan Department of Corrections and housed at the Saginaw Correctional Facility. He is currently serving a term of twenty-five to fifty years, imposed by the Kalkaska County Circuit Court on August 3, 1992, after Petitioner was found guilty by a jury of breaking and entering, MICH. COMP. LAWS § 750.110. In connection with that conviction, Petitioner subsequently pled guilty to being an habitual offender under MICH. COMP. LAWS § 769.12.

Petitioner filed an application for leave to appeal to the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his conviction and sentence but remanded to the circuit court for completion of a sentencing information report and for entry of a corrected judgment of sentence on November 1, 1994. Petitioner thereafter sought a delayed application for leave to appeal to the Michigan Supreme Court. The supreme court denied the delayed application for leave to appeal on June 30, 1995.

On June 3, 1999, Petitioner filed a motion for relief from judgment in the Kalkaska County Circuit Court. The court denied both the motion and a motion for reconsideration on January 11, 2000 and January 27, 2000, respectively. Petitioner sought a delayed application for leave to appeal to both the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Court of Appeals denied the delayed application for leave to appeal on December 8, 2000. The supreme court denied the delayed application for leave to appeal on March 27, 2001.

Petitioner then filed a second motion for relief from judgment in the Kalkaska County Circuit Court. The court denied both the motion and a motion for reconsideration on October 24,

2002 and May 19, 2003, respectively. The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal on August 1, 2003 and a motion for reconsideration on November 18, 2003. The Michigan Supreme Court subsequently denied Petitioner's application for leave to appeal on April 30, 2004.

On May 18, 2004, Petitioner filed a third motion for relief from judgment with the Kalkaska County Circuit Court. The court subsequently denied the motion on July 12, 2004. The Michigan Court of Appeals denied both Petitioner's application for leave to appeal and motion for reconsideration on September 10, 2004 and October 8, 2004, respectively. The Michigan Supreme Court also denied Petitioner's application for leave to appeal on May 31, 2005. The instant petition was filed on or about August 16, 2005.[1]

## II.  Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on August 16, 2005, and it was received by the Court on August 23, 2005. Thus, it must have been handed to prison officials for mailing at some time between August 16 and 23. For purposes of this case, the Court gave Petitioner the benefit of the earliest possible filing date.

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that Petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his delayed application for leave to appeal on June 30, 1995. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Thursday, September 28, 1995. Nevertheless,

Petitioner's application for habeas relief qualifies for a grace period because the date upon which Petitioner's conviction became final in 1995 was before the adoption of the AEDPA in 1996. Because enactment of the statute could extinguish otherwise viable claims, the Sixth Circuit has held that there is a one-year grace period from enactment of the statute on April 24, 1996. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). The grace period ended on April 24, 1997. *Bronaugh*, 235 F.3d at 284-85.

Petitioner had one year from April 24, 1996, or until April 24, 1997, to file his habeas application. Petitioner filed his habeas application on August 16, 2005. Obviously, Petitioner did not file within the grace period. Petitioner's habeas application is therefore time-barred under the statute of limitations.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year period expired in 1997, his motions for relief from judgment filed in 1999, 2003 and 2004 could not serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. April 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp 254, 259 (S.D. N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793 (N.D. Cal. Feb. 2, 1999).

The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner

bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-1009. In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Scott*, 286 F.3d at 930. This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity

to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## Recommended Disposition

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.

Dated:   October 26, 2005             /s/ Ellen S. Carmody
                                      Ellen S. Carmody
                                      U.S. Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).