UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY L. JOHNSON,

    Petitioner,

v                                                                                          Case No. 1:05 cv 560

JAN TROMBLEY,                                                          Wendell A. Miles

    Respondent.

_____/

ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

        On October 25, 2005, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that petitioner's application for writ of habeas corpus be denied as time-barred. Petitioner has filed a lengthy written "motion," brief, and accompanying exhibits in response to the R & R (docket nos. 4, 5). The court construes petitioner's materials collectively as his timely objections to the R & R.

        The court, having reviewed the R & R filed by the United States Magistrate Judge and the relevant portions of the file in this matter, and having reviewed petitioner's objections, agrees with the conclusions contained in the R & R: the petition is clearly time-barred.

        The Magistrate Judge concluded that 28 U.S.C. § 2244(d)(1) (A) provides the period of limitation and that the other subsections to the statute do not apply to the grounds raised in the petition. The Magistrate Judge also concluded that petitioner had failed to raise equitable tolling

or allege any facts or circumstances that would warrant application of the doctrine in this case.[1] The court agrees with these conclusions. Moreover, nothing in the objections filed by petitioner persuades the court to conclude otherwise. Petitioner principally relies on a case decided in April, 2000 – United States v. Thomas, 211 F.3d 316 (6th Cir. 2000) – as providing him with a "new" basis on which to raise the claim contained in the petition. However, Thomas construed a federal statute, the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Petitioner pled guilty to violation of Michigan's habitual offender statute, M.C.L. 769.12, which does not contain the same language as the federal ACCA. At most, Thomas suggested a theory to petitioner, which he clearly could have raised long ago in state court. Petitioner did not timely raise this theory in state court and he has therefore failed to develop the law and facts in support of his claim. Nothing in petitioner's objections suggests that the Magistrate Judge erred in concluding that the petition is now time-barred and that petitioner is not entitled to equitable tolling.

The court hereby approves and adopts the Report and Recommendation as the decision of the court.

So ordered this 6th day of January, 2006.

  /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge

---

[1] The United States Supreme Court has "never squarely addressed the question whether equitable tolling is applicable" to the limitations period contained in 28 U.S.C. § 2244(d)(1). Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005).